UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY McCORMICK,

Plaintiff,

v. Case No. 6:26-cv-02252-AGM-RMN

STETSON UNIVERSITY, INC.; HALIFAX HEALTH MEDICAL CENTER; LANE JENNINGS, JR., in his individual capacity; ANNE CONWAY, in her individual capacity; KAREN McMILLAN, in her individual capacity; THOMAS DELGADO, in his individual capacity,

Defendants.
______________________________________/

**DEFENDANT LANE JENNINGS, JR.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, LANE JENNINGS, JR., in his individual capacity ("**Mr. Jennings**"), by and through undersigned counsel and pursuant to Rule 12(b)(6), Fed. R. Civ. P., and Middle District Local Rule 3.01(b), moves to dismiss each count asserted against him in Plaintiff, GREGORY McCORMICK's ("**Plaintiff**" or "**McCormick**"), Complaint, and in support states:

**STATEMENT OF RELIEF REQUESTED**

Plaintiff names Mr. Jennings, a Halifax Health employee sued only in his individual capacity, in five of the Complaint's eleven counts. None states a claim

against him.

The three federal counts – Count V (equal protection), Count VI (First Amendment retaliation), and Count VII (procedural due process), each under 42 U.S.C. § 1983 – fail for two independent reasons. First, the Complaint does not allege that Mr. Jennings personally did the things those counts complain of. The retaliatory and due-process injuries Plaintiff identifies in his Complaint, i.e., his removal from the practicum, the exclusion from the site, and the absence of any hearing, are pleaded as acts of "Halifax" and not of Mr. Jennings. Section 1983 has no *respondeat superior* liability; rather, an individual answers only for his own conduct. Second, even crediting every allegation, Mr. Jennings is entitled to qualified immunity because the Complaint identifies no clearly established right that his alleged conduct violated.

The two state-law counts fare no better. Plaintiff affirmatively alleges that Mr. Jennings acted "within the course and scope of his employment" at Halifax Health, a public hospital. That allegation triggers § 768.28(9)(a), Fla. Stat., which bars naming a public employee as a defendant for scope-of-employment conduct. Count X (intentional infliction of emotional distress) independently fails because the conduct alleged, i.e., unwanted hugs, touching, and suggestive remarks, does not meet Florida's demanding "extreme and outrageous" standard as a matter of law. And every count naming Mr. Jennings is pleaded by lumping him together

with Halifax and the other individual defendants, without specifying what he, individually, is alleged to have done to satisfy each element.

For these reasons, the Court should dismiss Counts V, VI, VII, and X with prejudice, and should dismiss Count IX or, in the alternative, require Plaintiff to replead it.

## BACKGROUND

The following summarizes the allegations of the Complaint, which Mr. Jennings accepts as true solely for purposes of this Motion.

1. Plaintiff began a graduate counseling practicum at Halifax Health Medical Center in January 2025 through a Stetson-approved placement. (Complaint, ¶ 20).

2. Halifax Health is a public hospital system organized under Florida law and a state actor, and that Mr. Jennings was employed by Halifax Health and acted under color of state law. (Complaint, ¶¶ 11, 12).

3. Plaintiff alleges that between February 1 and February 21, 2025, Mr. Jennings "engaged in repeated unwanted physical contact, including prolonged hugs and touching, made sexually suggestive remarks, and attempted to cultivate a dual relationship" with Plaintiff. (Complaint, ¶ 24).

4. Plaintiff also alleges that Mr. Jennings "was not listed in the site contract, lacked the required credentials, and had no authorization to supervise

counseling students," yet "began unilaterally assuming supervisory authority." (Complaint, ¶ 22).

5. Plaintiff alleges that "Halifax terminated Plaintiff from the practicum" on February 21, 2025, "barred him from returning to the site, and provided no notice, documentation, or opportunity to respond." (Complaint, ¶ 98).

6. He further alleges that "Halifax" made the termination decision "without any notice, without any explanation, without any opportunity for Plaintiff to respond." (Complaint, ¶ 107).

## **MEMORANDUM OF LAW**

### I. Legal Standard

To survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *DeMarcus v. University of South Alabama*, 133 F.4th 1305, 1311 (11th Cir. 2025), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although well-pleaded factual allegations are assumed true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not. *Id.*, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plausibility standard applies with equal force where a defendant asserts immunity. *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Furthermore, qualified immunity may be raised and resolved on a Rule 12(b)(6)

motion, and it "will be granted if the complaint fails to allege the violation of a clearly established constitutional right." *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1327 (11th Cir. 2003).

II. The § 1983 counts (V, VI, and VII) fail to state a claim against Mr. Jennings.

A. *The Complaint does not allege that Mr. Jennings personally participated in any alleged deprivations.*

Section 1983 liability "must be based on something more than the theory of *respondeat superior*." *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019). "[A]bsent allegations of personal participation," an individual is liable only on an "extremely rigorous" showing of a causal connection "between [the defendant's] actions and the alleged constitutional violation." *Id.* A defendant who did not "personally participate[]" in the challenged action cannot be held liable, and the allegations against other actors may not be imputed to him. *Id.*

Counts VI and VII fail under this rule. The retaliatory act Count VI identifies is the termination of Plaintiff from the practicum. *See* Complaint, ¶ 98. Count VII rests on the same institutional act, alleging that Plaintiff was terminated "without any notice, without any explanation, without any opportunity for Plaintiff to respond." *See* Complaint, ¶ 107. Nowhere does the Complaint allege that Mr. Jennings decided to terminate Plaintiff, barred him from the site, or controlled the process he received. Because the Complaint does not allege Mr. Jennings

personally took the adverse actions on which Counts VI and VII depend, those counts fail against him.

The defect is also compounded by group pleading. The Eleventh Circuit has rejected complaints that "group[] the officials together," allege they "collectively" failed to act, and assert they are "individually liable" while "fail[ing] to allege individual acts that each took." *McCullough*, 907 F.3d, at 1330, 1335. Counts V, VI, and VII are each brought against "Halifax and [the] Individual Halifax Defendants" as a bloc, without distinguishing Mr. Jennings' conduct from that of Conway, McMillan, Delgado, or the institution. That is precisely the pleading *Iqbal* forbids. *See also Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (describing one of the "sins" of a shotgun pleading leading to dismissal under Rule 8, Fed. R. Civ. P., are those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.").

Thus, because the Complaint attributes the challenged practicum termination to another party while also lumping Mr. Jennings together with Halifax and the other individual defendants, Counts V, VI, and VII fail to state any § 1983 claim and the Complaint should be dismissed against him.

B. *Mr. Jennings is entitled to qualified immunity on each § 1983 claim.*

Qualified immunity is "an immunity from suit rather than a mere defense to liability," and is therefore meant to be resolved "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).

In the Eleventh Circuit, an official asserting qualified immunity bears only the initial burden of showing he acted within the scope of his discretionary authority. *Gates v. Khokhar*, 884 F.3d 1290, 1297 (11th Cir. 2018). If the official so acted, the burden then shifts to the plaintiff to establish both that a constitutional violation occurred and that the right was clearly established at the time of the alleged misconduct. *Id.* Mr. Jennings satisfies this initial threshold as the Complaint alleges that he was a Halifax Health employee who, during the practicum, "assum[ed] supervisory authority over Plaintiff" and acted "under color of state law." *See* Complaint, ¶ 22. The conduct Plaintiff challenges arose entirely out of Mr. Jennings' asserted role at Halifax, a public hospital. The burden, therefore, shifts to Plaintiff on both qualified-immunity prongs. *Gates*, 884 F.3d, at 1297. While courts can address whether a violation occurred before asking whether any right was clearly established, that sequence "should no longer be regarded as mandatory," and courts may decide the clearly-established prong first and dispose of the case without reaching the merits. *Pearson*, 555 U.S., at 232–236.

A right is clearly established only when "[t]he contours of [a] right [are]

sufficiently clear" that "every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741–742 (2011); *Gates*, 884 F.3d, at 1296–1297. No case directly on point is required, but "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S., at 741–742. The Supreme Court has "repeatedly told courts" not to define clearly established law "at a high level of generality" because it "is of little help in determining whether the violative nature of particular conduct is clearly established." *Id.*, at 742. This "demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *Id.*, at 743; *D.C. v. Wesby*, 583 U.S. 48, 62–64 (2018).

To meet the demanding standard, the legal principle must be "settled law," i.e., dictated by controlling authority or a robust consensus of cases of persuasive authority, and must "clearly prohibit the officer's conduct in the particular circumstances before him" with "a high degree of specificity." *Wesby*, 583 U.S., at 62–64. A plaintiff ordinarily must identify a case where an officer acting under similar circumstances was held to have violated the Constitution, absent the rare "obvious case." *Id.* In the Eleventh Circuit, that "fair warning" comes only from materially similar precedent of the Supreme Court, the Eleventh Circuit, or the highest court of the relevant state, and the inquiry "must be particularized to the facts of the case." *Gates*, 884 F.3d, at 1296–1297, 1302–1304. Where a plaintiff cites

no such precedent, qualified immunity applies. *Id.*; *Wesby*, 583 U.S., at 590. In each of the federal claims against Mr. Jennings, Plaintiff cannot cite any controlling precedent to suggest that Mr. Jennings' conduct violated clearly established law.

1. Equal Protection (Count V).

Count V alleges that Mr. Jennings's conduct "was motivated by Plaintiff's sex." *See* Complaint, ¶ 86. As an initial matter, this is a legal conclusion, not a factual allegation, and it is therefore not entitled to the assumption of truth. *Demarcus*, 133 F.4th, at 1311. Beyond the label, the Complaint pleads no facts showing that Mr. Jennings treated Plaintiff differently because of his sex. In any event, Mr. Jennings is immune as the equal protection right Plaintiff invokes has never been clearly established on facts resembling those in the Complaint. *See, e.g., Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325 (11th Cir. 2003) (holding that it was not clearly established that same-sex sexual harassment in the workplace violated the Equal Protection Clause); *see also Knight v. Henry Cnty., Georgia*, No. 1:08-CV-1632-WSD-LTW, 2009 WL 10699030, at * 20 (N.D. Ga. July 8, 2009) (noting that no United States Supreme Court or 11th Circuit case has "decided the question of whether same-sex harassment constitutes discrimination on the basis of sex in violation of the Equal Protection Clause of the United States Constitution.").[1]

---

[1] In *C.W. v. Smith*, 178 F.4th 1278 (11th Cir. 2026), the Eleventh Circuit held that "[i]nherently sexual harassment," including same-sex harassment, "is . . . discrimination based on sex under the Equal Protection Clause." However, this decision occurred in 2026, which was after the

Here, Plaintiff and Mr. Jennings are both male, and Plaintiff was not a public employee, but rather a graduate student completing a university-arranged practicum at Halifax Hospital. No decision of the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court has held that a public-hospital employee violates the Equal Protection Clause by engaging in same-sex harassment of a non-employee graduate student placed at the facility by a third-party university. Because the clearly-established inquiry "must be particularized to the facts of the case," the absence of materially similar precedent is dispositive and Plaintiff's Complaint should be dismissed with prejudice. *Gates*, 884 F.3d, at 1302–1304; *Wesby*, 583 U.S., at 590-91.

2. <u>First Amendment Retaliation (Count VI)</u>.

A retaliation claim premised on speech requires, as a "threshold" matter, that the speech address a "matter of public concern." *Williams*, 102 F.3d, at 1183. In the educational setting, the Eleventh Circuit has treated grievances concerning "internal administration of the educational system and personal grievances" as outside that protection that entitles an official to qualified immunity unless the governing balance "inevitably" favors the plaintiff. *Id.* Here, Plaintiff's reports concerned his own mistreatment during his placement, which is not a matter of

alleged conduct in Plaintiff's Complaint, and involved deliberate indifference of a high school coach that ignored sexual assaults and "emasculation" of freshman football player by the hands of older players. In other words, it is not controlling in Plaintiff's case.

public concern. Thus, it was not clearly established that Plaintiff's complaints are constitutionally protected speech. Count VI further fails for the independent reason, discussed above, that Mr. Jennings is not alleged to have taken any adverse action against Plaintiff, or retaliated against him for exercising his rights under the First Amendment. *See supra* Section II.A. Thus, Count VI should be dismissed with prejudice.

3. Procedural and Substantive Due Process (Count VII).

Neither the Supreme Court nor the Eleventh Circuit has held that a graduate student has a constitutionally protected liberty or property interest in continued enrollment or in a clinical placement. *See Page v. Hicks*, 773 F. App'x 514 (11th Cir. 2019) (unpublshed) (holding that student dismissed from nursing program failed to state a cause of action under the Due Process Clause) (*citing Regents of University of Michigan v. Ewing*, 474 U.S. 214, 222-23 (1985)). Even assuming such an interest, academic decisions require only process that is "careful and deliberate," not a formal hearing, and "a school's failure to follow its own procedures" is not itself a due process violation as any imperfect pre-deprivation process is cured by available post-deprivation remedies. *Id.* To the extent Count VII sounds in substantive due process, courts "show great respect for the faculty's professional judgment" and will not override academic decisions absent "such a substantial departure from accepted academic norms" that no professional judgment was

exercised. *Id.* The Complaint here alleges no clearly established right of this kind, and in all events attributes the termination and the process (or lack of it) to the hospital, not to Mr. Jennings. Count VII should be dismissed with prejudice.

Thus, Mr. Jennings is entitled to qualified immunity on each of the federal claims asserted against him. Because he acted within the scope of his discretionary authority at Halifax, the burden falls to Plaintiff to identify authority placing the unconstitutionality of Mr. Jennings's alleged conduct "beyond debate," which Plaintiff cannot do. No decision of the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court clearly established that a public-hospital employee violates the Equal Protection Clause by engaging in same-sex harassment of a non-employee graduate student (Count V); that a practicum participant's complaints about his own mistreatment are constitutionally protected speech, let alone that Mr. Jennings, who is alleged to have taken no adverse action, could be liable for retaliation (Count VI); or that a graduate student holds a protected liberty or property interest in a clinical placement that was terminated by another defendant rather than by Mr. Jennings (Count VII). Qualified immunity exists precisely to spare individual officials the burden of suit in this situation, and it should be applied now, at the pleading stage. Counts V, VI, and VII should be dismissed with prejudice. *See Lambert v. Bd. of Trs.*, 793 F. App'x 938, 944 (11th Cir. 2019) (unpublished) (affirming dismissal with prejudice of university student's

complaint for alleged Equal Protection or Due Process violations for futility); *Hardy v. Broward County Sheriff's Office*, 238 F. App'x 435, 443–444 (11th Cir. 2007) (unpublished) (holding that the district court "properly dismissed [the] complaint without *sua sponte* granting [] leave to amend because amendment would have been futile," since the plaintiffs "failed to establish that the Deputies violated clearly established constitutional law, and therefore, the Deputies are entitled to qualified immunity."),

III. <u>The state-law counts (IX and X) fail to state a claim against Mr. Jennings</u>.

A. *Section 768.28(9)(a), Fla. Stat., bars the tort claims as pled.*

Plaintiff alleges that Halifax Health is a public hospital system organized under Florida law and that, in committing the alleged battery, Mr. Jennings "was acting within the course and scope of his employment with Halifax Health." *See* Complaint, ¶ 127. He further pleads that Halifax is "vicariously liable for Jennings' conduct under the doctrine of *respondeat superior*." *Id.*, at ¶ 128.

Those allegations trigger the immunity in § 768.28(9)(a), Fla. Stat., whereby an "officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant" for conduct "in the scope of her or his employment," unless the employee "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property[.]" The Florida Supreme Court has confirmed

that this is immunity from suit, not merely from liability: a qualifying employee "cannot be liable or even be named as a party defendant." *Keck v. Eminisor*, 104 So. 3d 359 (Fla. 2012).

*B. Count X Does Not Meet Florida's "Extreme and Outrageous" Threshold.*

Count X fails as intentional infliction of emotional distress under Florida law requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). Whether conduct meets that threshold "is a question for the trial court to decide as a matter of law." *Id.*, at 413. Liability "does not extend to mere insults, indignities, threats, or false accusations." *Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004).

Florida courts have been "hesitant to find sufficiently outrageous conduct based solely on alleged acts of verbal abuse in the workplace," including "utterances designed to induce [a person] to join in a sexual liaison." *Johnson*, 788 So. 2d, at 413. The threshold is met in the sexual-harassment context only where there is "persistent verbal abuse coupled with the repeated offensive, unwelcomed physical contact." *Id.*, at 414. Where the alleged physical contact is limited and non-egregious, courts have held the conduct insufficient as a matter of law even when it is "reprehensible, objectionable, and offensive." *Williams*, 877 So. 2d, at

870 (citations omitted). The conduct attributed to Mr. Jennings, i.e., "prolonged hugs and touching," "sexually suggestive remarks," and an attempt "to cultivate a dual relationship," *see* Complaint, ¶ 24, does not approach the egregious, repeated sexual contact Florida requires. *See Ponton v. Scarfone*, 468 So. 2d 1009 (Fla. 2d DCA 1985) (affirmed dismissal of claim where an employer directed "utterances . . . designed to induce [the employee] to join with him in a sexual liaison"); *Johnson*, 788 So. 2d, at 413-14 (threshold met in the sexual-harassment setting only where "persistent verbal abuse" is "coupled with . . . repeated offensive, unwelcomed physical contact," such as groping and forcing contact). Count X should be dismissed.

C. *Count IX (Battery) should be dismissed.*

Although Florida defines battery as "the infliction of a harmful or offensive contact upon another with the intent to cause such contact," and that offensiveness and intent may present jury questions in cases of unwanted workplace touching, *Paul v. Holbrook*, 696 So. 2d 1311 (Fla. 5th DCA 1997), the battery count against Mr. Jennings remains barred as pleaded for the reason set out in Section II.A, i.e., Plaintiff alleges the contact occurred within the scope of Mr. Jennings's Halifax employment. The claim should be further dismissed because even assuming *arguendo* that the hugs were harmful or offensive, this conduct hardly suggests that Mr. Jennings "acted in bad faith or with malicious purpose or in a manner

exhibiting wanton and willful disregard of human rights, safety, or property" under § 768.28(9)(a), Fla. Stat. *See Butler v. Gualtieri*, 41 F.4th 1329, 1339 (11th Cir. 2022) (immunity turns on whether the employee "acted with malice," "ill will, hatred, spite, [or] an evil intent," and whether she intentionally or at least recklessly injured the plaintiff.); *Reed v. Waters*, No. 3:24-CV-463-MMH-SJH, 2024 WL 4529253 (M.D. Fla. Oct. 18, 2024) (finding that the standard of fault required for punitive damages under section 768.72(2), Fla. Stat., is lower than that required to pierce statutory immunity under section 768.28(9)(a)). Thus, Count IX should be dismissed.

IV. *The Counts Against Mr. Jennings are an impermissible shotgun pleading and should be dismissed under Rule 8, Fed R. Civ. P.*

As noted in Section II.A., *supra*, each count naming Mr. Jennings commits the Eleventh Circuit's fourth category of shotgun pleading: "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d, at 1320. Such a pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has "little tolerance" for pleadings that "lump[] together" defendants so that it is "unclear and confusing as to which [d]efendant [is] being charged with which specific conduct." *Barmapov v. Amuial*, 986 F.3d 1321, 1323-24 (11th Cir. 2021). That is this Complaint: Counts V, VI, VII, and X charge "Halifax and [the] Individual Halifax

Defendants," or "All Defendants," collectively, without isolating Mr. Jennings's acts. If the Court does not dismiss these counts outright, it should order Plaintiff to replead.

**WHERFORE**, Defendant, LANE JENNINGS, JR., respectfully requests that the Court enter an Order dismissing Counts V, VI, VII, X, and XI against him, and grant such further relief as the Court deems just and proper.

Dated: October 27, 2026

*/s/ Brandon T. Byers*
Brandon T. Byers, Esq.
Florida Bar No. 0119492
R. Brooks Casey, Esq.
Florida Bar No. 589721
Wright & Casey, P.A.
340 North Causeway
New Smyrna Beach, Florida 32169
Telephone: (386) 428-3311
Facsimile: (386) 427-9516
Email: brandon@surfcoastlaw.com
Email: bcasey@surfcoastlaw.com
Email: tduncan@surfcoastlaw.com
Attorneys for Defendant, Lane Jennings, Jr.

**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Middle District Local Rule 3.01(g), the undersigned certifies that he communicated by video conference with counsel for Plaintiff on October 26, 2026, and that counsel for Plaintiff opposed the relief sought and reserved the right to respond to Defendant's Motion to Dismiss Complaint.

*/s/ Brandon T. Byers*
Brandon T. Byers, Esq.
Wright & Casey, P.A.
Attorneys for Defendant, Lane Jennings, Jr.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 27th day of October, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to the following CM/ECF participant:

Robert S. Mactavish, Esq.
LLG National Law Group
Phoenix Corporate Tower
3003 N. Central Avenue, Suite 685
Phoenix, AZ 85012
robert.mactavish@llgnational.com
Attorney for Plaintiff

Darren J. Elkind, Esq.
Paul, Elkind, Branz, Paul
142 E. New York Avenue
DeLand, FL 32724
delkind@paulandelkind.com
Attorney for Defendants, Halifax Health and Anne Conway

By: */s/ Brandon T. Byers*

Brandon T. Byers, Esq.
Florida Bar No. 0119492
R. Brooks Casey, Esq.
Florida Bar No. 589721
Wright & Casey, P.A.
340 North Causeway
New Smyrna Beach, Florida 32169
Telephone: (386) 428-3311
Facsimile: (386) 427-9516
Email: brandon@surfcoastlaw.com
Email: bcasey@surfcoastlaw.com
Email: tduncan@surfcoastlaw.com
Attorneys for Defendant, Lane Jennings, Jr.